UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARIO MORROW,

    Petitioner.

v.                                                                                                  Case No.: 8:10-cv-0391-T-24-TGW
                                                                                                                    8:08-cr-0399-T-30-TGW-2

UNITED STATES OF AMERICA,

    Respondent.

_____/

**ORDER**
**DENYING PETITION**

This cause is before the Court upon Petitioner Dario Marrow's amended motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Civ. Doc. 9; Cr. Doc. 116). Because a review of the motion and the file in the case show conclusively that Marrow is entitled to no relief,[1] the Court will not hold an evidentiary hearing and will not request the Government to respond to the motion. Because Marrow has raised no grounds entitling him to relief, the motion is denied.

**BACKGROUND**

On December 22, 2008, Marrow pleaded guilty, pursuant to a plea agreement, to two counts of an indictment that charged him with (1) conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §846,

---

[1] See 28 U.S.C. § 2255(b).

1

841(b)(1)(A)(ii), and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2. (Cr. Doc. 58.)

As part of the signed plea agreement, Marrow agreed to waive his right to appeal his sentence or to challenge his sentence collaterally on *any* ground. (Cr. Doc. 44 at 13.) The waiver read:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on ***any*** ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, ***except*** (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

Id. (emphasis added).

On March 12, 2009, the Court sentenced Marrow to a 120-month sentence (10 years) in the U.S. Bureau of Prisons on Count One of the indictment and to a 60-month sentence (5 years) on Count Two. Because the Court ordered the sentences to run consecutively, Dario Marrow was committed to prison for a total of 180 months, or 15 years.

Marrow did not file a direct appeal of his judgment or sentence. Nor, under his plea agreement, could he have because the Government did not appeal the sentence imposed.

## **CLAIMS**

Within one year of his judgment of conviction becoming final,[2] Marrow timely filed a

---

[2] See 28 U.S.C. § 2255(f)(1)-(4) (statute known as The Antiterrorism and Effective Death Penalty Act of 1996, or "AEDPA").

collateral attack on his sentence in an amended motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Civ. Doc. 9; Cr. Doc. 116). He states two grounds for relief.

First, Marrow claims he was denied the right to effective assistance of counsel under the Fifth and Sixth Amendments to the U.S. Constitution because his counsel failed to object at sentencing and failed to appeal his sentence based on the argument that the "except" clause of 18 U.S.C. § 924(c)(1)(A) prevents the Court from sentencing him to a consecutive, 5-year minimum mandatory sentence for possession of a firearm of furtherance in a drug trafficking crime, under Count Two of the indictment.

Second, Marrow claims the Court violated the Constitution by sentencing him, after his release from prison, to a total of 60 months of supervised release.

Neither claim has merit.

Under § 2255, a court may review a federal prisoner's sentence under four circumstances: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. Collateral relief under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988).

I. **PETITIONER WAS NOT DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL**

In order for Marrow to establish a Sixth Amendment violation of the right to effective

3

assistance of counsel, he must establish (1) that his counsel's performance was deficient by falling below an objective standard of reasonableness, and (2) that there is a reasonable probability that counsel's errors affected the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668 (1984); see also Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

First, Marrow claims that his counsel was ineffective because he failed to file an appeal that Marrow's five-year minimum mandatory sentence on Count Two was illegal under the "except" clause of 18 U.S.C. § 924(c)(1)(A).

Marrow's counsel could not have been constitutionally deficient for failing to file an appeal because Marrow, by signing a plea agreement, waived his right to appeal. Marrow only retained the right to appeal under limited circumstances, which are not present here.[3] In his petition, Marrow does not state that he asked his counsel to file an appeal. He does not argue that his waiver is invalid. He does not claim he entered the plea agreement involuntarily or without knowledge of its meaning.[4] In fact, the plain language of the plea agreement informed Marrow that he was waiving both his right to a direct appeal and a collateral attack on his sentence. Marrow initialed every page of the plea agreement and signed the final page. Therefore, the appeal waiver precludes Marrow's ineffective assistance of counsel claim.

But even if the Court considered his ineffective assistance of counsel claim, the claim would have no merit. Marrow's counsel cannot be constitutional deficient for failing to file an appeal that Marrow was prohibited from filing.

---

[3] The plea agreement permits Marrow to appeal on the grounds that his *sentence* violates the Constitution. (Doc. 44 at 13.) However, Marrow claims that *his counsel* deprived him of a constitutional right. Therefore, his petition does not fall within the plea agreement's exception.

[4] See Williams v. United States, 396 F.3d 1340 (11th Cir. 2005).

4

In addition, even if Marrow's counsel had filed an appeal based on the "except" clause of 18 U.S.C. § 924(c)(1)(A) or had objected on the same grounds at sentencing, the argument would not have changed Marrow's sentence. Therefore, Marrow suffered no prejudice under Strickland by counsel's failure to raise this issue. Marrow argues that the "except clause" of 18 U.S.C. §924(c)(1)(A) prevents the Court from imposing a consecutive five-year minimum mandatory sentence for possession of a firearm of furtherance in a drug trafficking crime under Count Two of the indictment.[5] The Eleventh Circuit rejected Marrow's argument in a similar case in United States v. Segarra,[6] decided in September 2009. Because the Court is bound by the Eleventh Circuit's precedent and, even without this precedent, the Court would have read 18 U.S.C. §924(c)(1)(A) as the Eleventh Circuit did in Segarra, Marrow's argument would not have changed his sentence.

## II. PETITIONER'S SUPERVISED RELEASE SENTENCE IS NOT ILLEGAL

Marrow also claims that his sentence to a total of 60 months (5 years) of supervised

---

[5] Title 18 U.S.C. § 924(c) reads:

(c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime–

    (i) be sentenced to a term of imprisonment of not less than 5 years; . . .
Subsection § 924(c)(D) reads:

(D) Notwithstanding any other provision of law–

    . . . (ii) no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.

[6] 582 F.3d 1269, 1272-73 (11th Cir. 2009)

5

release is illegal. Marrow does not clearly state whether he raises this issue in the context of an ineffective assistance of counsel claim, as he did in his original petition, or whether he amended his petition to raise his argument independent of an ineffective assistance of counsel claim. Either way, the claim has no merit.

Marrow argues that the sentence of supervised release violates the constitutional principle of separation of powers and is not authorized by statute. As with his other arguments, Marrow waived his right to make this collateral attack on his sentence in his plea agreement. Even if Marrow had not waived his right to raise this issue, the Court would find that the constitutional separation of powers does not prevent a district court from imposing a sentence of supervised release, which is authorized by Congress in 18 U.S.C. § 3583. Marrow's other arguments are frivolous.

## **CONCLUSION**

Accordingly, Petitioner Dario Marrow's amended § 2255 motion is **DENIED**. The Clerk is directed to enter judgment against Petitioner in the civil case and close the case.

## **CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. Id. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v.

Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Marrow has not made the requisite showing. Finally, because Marrow is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**IT IS SO ORDERED.**

Done in Tampa, Florida on April 26, 2010.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copy to:
Dario Marrow
#50383-018
Atlanta U.S. Penitentiary
P.O. Box 150160
Atlanta, Georgia 30315-0160