DARIO MORROW

v.                                              Case No: 8:10-cv-391-T-24-TGW
                                                      8:08-cr-399-T-24-TGW

UNITED STATES OF AMERICA
_____/

## ORDER

This cause comes before the Court on Petitioner Dario Morrow's Motion for a Certificate

of Appealability ("COA") and Motion For Leave to Proceed In Forma Pauperis. (CV Doc. Nos.

17, 18). Petitioner wants to appeal this Court's April 13, 2012 order dismissing his motion filed

pursuant to Federal Rule of Civil Procedure 60(b)(4) and (6) for lack of subject matter

jurisdiction. (CV Doc. No. 15). As explained below, the motions are DENIED.

## I.      Background

In his Rule 60(b) motion, Petitioner argued that the Court erred by failing to find, on its

own initiative, that all of the elements of a valid and enforceable contract under state law were

present in his plea agreement. (CV Doc. No. 13). Because Petitioner had already filed a motion

to vacate, set aside, or correct an allegedly illegal sentence under § 2255 (CV Doc. No. 9), the

Court first considered whether Petitioner's motion challenging the Court's failure to consider the

contractual elements of his plea agreement was a true Rule 60(b) motion or a second or

successive habeas petition.

The Court considered the standard set forth in *Gonzalez v. Crosby*, and determined that

Petitioner's motion was a claim on the merits for habeas relief "couched in the language of a true

Rule 60(b) motion." *See* 545 U.S. 524, 531 (2005). Key to that determination were the Court's

conclusions: (1) that Petitioner's motion did not actually allege any defect in the integrity of the

federal habeas proceedings, but instead fundamentally asserted that he never entered into a valid

and binding plea agreement because the agreement lacked contractual consideration; and (2) that the purpose of Petitioner's Rule 60(b) motion was to assert an additional ground for relief on the merits that was not presented to the Court in Petitioner's original § 2255 motion. (Doc. No. 13).

Consequently, the Court treated Petitioner's motion as a second or successive claim for habeas relief. Because Petitioner did not demonstrate, first, that he had "move[d] in the appropriate court of appeals for an order authorizing the district court to consider [a second or successive] application" as required by 28 U.S.C. § 2244(b)(3)(A), or second, that he had obtained an order authorizing the Court to consider a second or successive motion for habeas relief, the Court dismissed Petitioner's Rule 60(b) motion for lack of subject matter jurisdiction.

Additionally, the Court noted that in its order denying Petitioner's § 2255 motion, it had denied Petitioner a COA, (CV Doc. No. 11) and that Petitioner had failed to show that he sought or obtained a COA from the Eleventh Circuit that would allow Petitioner to file an appeal. Therefore the Court denied Petitioner a COA to appeal its ruling and also denied any request to appeal in forma pauperis.

## II. Certificate of Appealability

Petitioner again seeks a COA to appeal the Court's denial of his Rule 60(b) motion, which the Court determined to be a second or successive habeas petition. A prisoner pursuing a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel* 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed

further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).  Petitioner has not made the requisite showing in these circumstances; therefore, his request for a COA is **DENIED**.

## III.    Leave to Proceed In Forma Pauperis

Petitioner also seeks leave to proceed in forma pauperis.  A petitioner cannot appeal in forma pauperis if this "[C]ourt certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  "In making this determination as to good faith, a court must use an objective standard, such as whether the appeal is 'frivolous,'or 'has no substantive merit.'"  *Hunter v. Easterling*, 2010 WL 3283366, at *1 (M.D. Ala. Aug. 18, 2010) (citation omitted).  Upon review of the issue in this appeal, the Court finds that the appeal has no substantive merit, and thus, it is not made in good faith.  Therefore, Petitioner's motion to proceed in forma pauperis on appeal is **DENIED**.

## IV.    Conclusion

For the reasons stated above, Petitioner Dario Morrow's Motion for a Certificate of Appealability and Motion For Leave to Proceed In Forma Pauperis.  (CV Doc. Nos. 17, 18) are **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 11th day of May, 2012.


Copies to:
Counsel of Record
*Pro Se* Petitioner

SUSAN C. BUCKLEW
United States District Judge